IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,785






EX PARTE JESUS JAIME JIMENEZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. B91-53 IN THE 198TH DISTRICT COURT


FROM KERR COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to ten years' imprisonment. The Fourth Court of Appeals dismissed his
appeal. Jimenez v. State, No. 04-06-00399-CR (Tex. App.-San Antonio June 20, 2007, no pet.). 

 Applicant contends that he was denied his right to appeal. The trial court found that appellate
counsel did not review the trial court's file and "incorrectly 'assumed' a tardy filing deadline for the
Motion for New Trial." We find that Applicant is entitled to the opportunity to file an out-of-time
appeal of the judgment of conviction in cause number B91-53 from the 198th District Court of Kerr
County. Applicant is ordered returned to that time at which he may give a written notice of appeal
so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the
issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an
attorney to represent him on direct appeal. All time limits shall be calculated as if the sentence had
been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant
desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the
trial court within 30 days after the mandate of this Court issues.


Delivered: May 2, 2012

Do Not Publish